130 October 8, 2025 No. 879

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

KLAMATH WATER USERS ASSOCIATION,
Tulelake Irrigation District, Van Brimmer Ditch Company,
Klamath Drainage District, and
Ady District Improvement Company,
*Plaintiffs-Respondents,*

*v.*

OREGON DEPARTMENT OF ENVIRONMENTAL
QUALITY,
an agency of the State of Oregon, and
Oregon Environmental Quality Commission,
an agency of the State of Oregon,
*Respondents-Appellants.*

Marion County Circuit Court
20CV12749; A179075

J. Channing Bennett, Judge.

Argued and submitted December 4, 2023.

Carson L. Whitehead, Assistant Attorney General, argued the cause for appellant. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Brittany Johnson argued the cause for respondent. Also on the brief were Steven L. Shropshire, Joseph A. Rohner IV, and Jordan Ramis PC.

Before Ortega, Presiding Judge, and Lagesen, Chief Judge, and Powers, Judge.

ORTEGA, P. J.

Affirmed in part; reversed in part and remanded.

**ORTEGA, P. J.**

In this "other than contested case," ORS 183.484, the Oregon Department of Environmental Quality (ODEQ) appeals from a circuit court judgment that remanded a final order that set a total maximum daily load (TMDL) for temperature discharged to the waterbodies in the Upper Klamath and Lost River Subbasins, which are part of the Klamath River basin. As relevant here, in the TMDL, ODEQ designated petitioners as among the water management districts that are responsible for developing implementation plans for the TMDL, terming them "responsible persons," and applied the California water quality standard for temperature at the Oregon-California border. Petitioners[1] challenged the TMDL, arguing that ODEQ lacked legal authority to designate petitioners as responsible persons and lacked legal authority to apply the California standards. On cross-motions for summary judgment, the circuit court agreed with petitioners on both issues and remanded the TMDL to ODEQ.

In cases also decided this date, we addressed the issues raised by petitioners in this case. In *Horsefly Irrigation District v. DEQ*, ____ Or App ___, ___, ___ P3d ___ (2025) (slip op at 1:12-14), which included a challenge to another TMDL in addition to the TMDL challenged in this case, we concluded that, based on the text and context of the applicable regulations, ODEQ had legal authority to designate

---

[1] Petitioners are Klamath Water Users Association, Tulelake Irrigation District, Van Brimmer Ditch Company, Klamath Drainage District, and Ady District Improvement Company. As stipulated by the parties and incorporated into the circuit court's letter opinion:

"Petitioners Tulelake Irrigation District, Van Brimmer Ditch Company, Klamath Drainage District, and Ady District Improvement Company are beneficial users of water in the Klamath Project, a federal Bureau of Reclamation project including a complex network of storage and conveyance works including three large dams and associated reservoirs, four smaller diversion dams, 675 miles of canals and laterals, 545 miles of drains, and over 50 separate pumping plants.

   "Petitioners include irrigation and drainage districts and a ditch company formed and existing under Oregon Revised statutes Chapter 554 and 547, or under California law. Petitioner Klamath Basin Water Users Association is a non-profit corporation that represents private irrigation districts, other districts, and ditch companies within the United States Bureau of Reclamation's Klamath Project along with private irrigation interests outside the Project, in Oregon and California in the Upper Klamath Basin."

water management districts as responsible persons. In that case, we reversed the circuit court's grant of summary judgment to the petitioners and remanded to the circuit court for further proceedings.

In *PacifiCorp v. DEQ*, ___ Or App ___, ___, ___ P3d ___ (2025) (slip op at 1:14-18), we concluded that ODEQ did not have legal authority under the TMDL regulations to identify the California water quality standards as part of "the relevant water quality standards," under OAR 340-042-0040(4)(c). As a result, we affirmed the circuit court's grant of summary judgment to PacifiCorp and its remand of the TMDL to ODEQ.

Those two cases fully resolve the issues raised in this case. In its first assignment of error, ODEQ asserts that the circuit court erred in granting petitioners' motion for summary judgment on their first claim for relief, in which petitioners alleged that ODEQ lacked authority to designate them as responsible persons. ODEQ's briefing in this case is substantively identical to the briefing presented in *Horsefly*, and petitioners have relied entirely on the briefing and argument offered in *Horsefly*. Thus, relying on *Horsefly*, we reverse the circuit court's grant of summary judgment to petitioners on their first claim for relief and remand to the circuit court.

In its second assignment of error, ODEQ asserts that the circuit court erred in granting petitioners' motion for summary judgment on their fourth claim for relief, which alleged that ODEQ lacked authority to include California water quality standards in the TMDL. ODEQ's briefing in this case is substantively identical to the briefing presented in *PacifiCorp*. Petitioners have incorporated the briefing by the petitioner in *PacifiCorp*, but also raise additional arguments as a basis to affirm the circuit court. Based on our disposition in *PacifiCorp*, we need not address those additional arguments. As a result, applying *PacifiCorp*, we affirm the circuit court's grant of summary judgment to petitioners on their fourth claim for relief. According, we affirm in part, reverse in part, and remand to the circuit court for further proceedings.

Affirmed in part; reversed in part and remanded.